UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MARK REHBERG | CIVIL ACTION NO. 06-0319 |
| VS. | SECTION P |
| RICHARD FEWELL, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by pro se petitioner Mark Rehberg on February 22, 2006. Rehberg is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is presently enrolled in the work release program administered by the Ouachita Parish Work Release Center (OPWRC) in Monroe, Louisiana. He complains that his wages are less than the customary wages for employees performing similar services and that consequently the defendants are in violation of the provisions of La. R.S.15:1111(G). Plaintiff has named Ouachita Parish Sheriff Richard Fewell, the Louisiana Plastics Conversion Corp., and OPWRC Major Richard Evans and Captain Linda Hale as his defendants. He seeks back wages from September 2005 to the present, punitive damages, an injunction prohibiting the defendants from taking any disciplinary action against him and an order transferring him to another work release program.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

In September 2005, LDOC inmate Mark Rehberg was deemed eligible to participate in the Louisiana Work Release Program and he was transferred to the OPWRC for that purpose. He

1

was assigned to work at the Louisiana Plastics Conversion Corp. He is being paid $6.00/hour but claims that the companies regular employees are paid from $7.25/hour – $15.00/hour. He claims that this discrepancy in wages violates the provisions of La. R.S.15:1111(G) and his rights to equal protection and due process.

Plaintiff claims that there is no administrative remedies procedure (ARP) at OPWRC. However, he claims to have submitted an ARP to the LDOC on January 23, 2006. He further claims that since he has received no response from the Department, he has filed a petition for mandamus in Louisiana's Nineteenth Judicial District Court; this proceeding is apparently still pending in that court.

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the <u>court shall review the complaint</u> as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief[1]); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a

---

[1] Plaintiff is not proceeding *in forma pauperis*. He paid the full filing fee on March 20, 2006. Therefore, initial review of his complaint is authorized by the provisions of 28 U.S.C. §1915A and not the provisions of 28 U.S.C. §1915. See *Martin v. Scott*, 156 F.3d 578 (5th Cir.1998), *cert. denied*, 527 U.S. 1041, 119 S.Ct. 2405, 144 L.Ed.2d 803 (1999).

prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's pleadings present the best case which could be presented by plaintiff under the circumstances. Based upon the thoroughness of plaintiff's pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

## 2. Liberty Interest and Due Process

In order to hold any of the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d 999, 1005 (5th Cir. 1985).

3

Plaintiff claims that the defendants are in violation of the provisions of La. R.S.15:1111(G) and that their actions violate his rights to equal protection and due process.

The Fourteenth Amendment guarantees that neither life, liberty, nor property may be denied without due process of law. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."

In *Welch v. Thompson*, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The court further determined that the statute does not dictate to the LDOC whom it must put on work release. In short, the Fifth Circuit held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." *Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

### 3. Property Interest and Due Process

To the extent that plaintiff also claims that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, his argument also lacks an arguable basis in law and fact. In *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he

4

must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." *Evans v. City of Dallas*, 861 F.2d 846, 848 (5th Cir. 1988). In any event, the Fifth Circuit has also held that prisoners have no property interest their work-release employment. *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. 1995).

### 4. The *Parratt/Hudson* Doctrine

Further, to the extent that plaintiff's wages are a property interest, the deprivation of that property by the defendants does not state a claim for relief under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels,* 474 U.S. at 335, 106 S.Ct. at 667.

Even in instances where <u>intentional</u> deprivation occurs, as plaintiff implies was the case herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This

5

principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that an intentional, random, and unauthorized deprivation occurred when the defendants paid him less than the amount he should have earned for the work performed. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for his alleged injury. See, La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; his deprivation of property claim is clearly barred by the *Parratt/Hudson* doctrine.

### 5. Equal Protection

Plaintiff has also alleged that the actions of the defendants violated his right to equal protection. To state an equal protection claim the petitioner must allege <u>that similarly situated individuals were treated differently</u>. See *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir.), cert. denied,522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997). Plaintiff has not alleged that he was treated differently from <u>similarly situated prisoners</u>; indeed, plaintiff asserts that he has been treated differently than his fellow factory workers who are not convicts. Nor does he

6

contend that the defendants engaged in purposeful discrimination to harm an identifiable group. Therefore, his complaint fails to state an equal protection claim upon which relief may be granted. See *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir.1999); *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir.), *cert denied*, 522 U.S. 995, 118 S.Ct. 559, 139 L.Ed.2d 400 (1997).

### 6. State Law Violation

Finally, plaintiff has alleged that the defendants have violated the provisions of La. R.S.15:1111. With regard to these allegations, the law is clear: a violation of state law does not state a constitutional claim cognizable under 42 U.S.C. §1983. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir. 1995).

### 7. Conclusion

Plaintiff has failed to support his 42 U.S.C. § 1983 action by showing that he was deprived of a right or interest secured by the Constitution and laws of the United States. See *Doe v. Rains County Ind. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

  **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 10th day of May, 2006.

                _____
                KAREN L. HAYES
                U. S. MAGISTRATE JUDGE